[Cite as *State v. Curtis*, 2018-Ohio-1365.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-154 |
| | | (C.P.C. No. 15CR-3787) |
| Alexa S. Curtis, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 10, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee.

**On brief:** *Sydow Leis LLC,* and *Anastasia L. Sydow*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Alexa S. Curtis is appealing from her convictions on charges of improperly discharging a firearm into a habitation or school safety zone, felonious assault, and murder. She assigns six errors for our consideration:

> [I.] THE TRIAL COURT'S FINDING OF GUILTY TO THE MURDER IN VIOLATION OF 2903.02, DISCHARGE OF A FIREARM IN VIOLATION OF 2923.161, SIX COUNTS OF FELONIOUS ASSAULT IN VIOLATION OF SECTION 2903.11, ALL WITH SPECIFICATIONS IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.
>
> [II.] THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL ON THE CHARGE BECAUSE

THE EVIDENCE PRESENTED BY THE STATE WAS INSUFFICIENT TO SUPPORT A CONVICTION BEYOND REASONABLE DOUBT.

[III.] THE TRIAL COURT ERRED WHEN IT DENIED THE REQUEST FOR A WITNESS TO TESTIFY IN THE PRESENCE OF THE JURY.

[IV.] DEFENDANT WAS EFFECTIVELY DENIED HER CONSTITUTIONAL RIGHT TO ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO REQUEST SEPARATION OF TRIALS AND FAILURE TO INCLUDE JURY INSTRUCTIONS FOR AN AFFIRMATIVE DEFENSE.

[V.] THE TRIAL COURT ERRED BY PUBLISHING AND ADMITTING A CELL PHONE VIDEO INTO EVIDENCE IN VIOLATION OF OHIO RULES OF EVIDENC 901 AND IN VIOLATION OF DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

[VI.] THE COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES.

{¶ 2} Alexa was not the person who shot at and killed Charles Mahon. The shooter was Jalen Hall, the father of her young child. Thus, Alexa was actually convicted of complicity in the crimes alleged.

{¶ 3} Complicity is defined by R.C. 2923.03 as follows:

No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

(1) Solicit or procure another to commit the offense;

(2) Aid or abet another in committing the offense;

(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

(4) Cause an innocent or irresponsible person to commit the offense.

{¶ 4} Alexa got into a dispute with people in the neighborhood where she lived. She called Jalen Hall to come and get involved. She was recorded saying "I'll get my baby's dad. He's going to come over here and kick your ass." (Tr. Vol. II at 5.)

{¶ 5} Once Jalen arrived, Alexa approached him. Jalen had a black gun in his hand. Alexa yelled for Jalen to "get them all." (Tr. Vol. III at 74.)

{¶ 6} Jalen then approached people with whom Alexa had been disagreeing and began shooting. Most or all of them had fled into a house, so he began shooting at the house. Testimony at trial indicated that as many as six shots were fired. One of the shots hit Charles Mahon in the head and killed him.

{¶ 7} Alexa's conduct clearly qualifies as complicity in murder. She urged Jalen Hall, while Jalen had a gun in his hand, to "get them all." Jalen then shot at a group of people, killing one. Because the people being shot at were in a house, to "get them all," Jalen had to shoot into the house, or habitation. He did so at Alexa's urging.

{¶ 8} From either a manifest weight or sufficiency point of view, the evidence supported the jury's verdicts.

{¶ 9} The first two assignments of error are overruled.

{¶ 10} Part way through the trial, the defense tried to put Anthony Warren on the witness stand. The trial court judge had reason to believe that Warren would refuse to provide relevant evidence and would instead invoke his right not to incriminate himself as guaranteed by the Fifth Amendment to the United States Constitution. As a result, the trial court judge questioned Warren outside of the presence of the jury. Warren invoked his right against self-incrimination in response to each question. As a result, Warren was not placed before the jury. He had no admissible evidence to provide since he would not testify. Nothing was to be gained by having the jury speculate as to why Warren thought he might incriminate himself. It was not error to refuse to put him on the witness stand if no admissible evidence would result.

{¶ 11} The third assignment of error is overruled.

{¶ 12} The fourth assignment of error alleges that Alexa Curtis received ineffective assistance of counsel. The record does not support such an allegation.

{¶ 13} The trial court did not make a mistake by allowing a joint trial of Jalen and Alexa. Their conduct was closely linked. Alexa summoned Jalen to the scene of the

shooting feeling that she had been disrespected and threatened. Jalen, at her urging, then went after the people with whom she had been disagreeing. The trial court did not need to separate the trials, especially since the same evidence would have been introduced if Alexa was being tried by herself.

{¶ 14} Also, this was not a case where Alexa ever urged Jalen to stop doing what he had been asked to do. This simply was not a "stoppage" situation as alleged in appellant's brief.

{¶ 15} The fourth assignment of error is overruled.

{¶ 16} The fifth assignment of error attacks the trial court's decision to admit a video regarding the incident into evidence. A person present when a cell phone camera took the video testified at trial and indicated that she had personal knowledge of major portions of the video because she was sitting on her porch during the arguments when the video was taken. By the time the shooting started, the woman had retreated inside, but this did not undo her authentication. She had seen a significant portion of the video action and the video recording it. She testified as to its accuracy, stating that the video accurately depicted the exact same thing she saw while sitting on her porch. There was never a question that the shooter's voice was in the video recording. We view this assignment of error under an abuse of discretion standard and the trial court judge did not abuse her discretion.

{¶ 17} The fifth assignment of error is overruled.

{¶ 18} The sixth assignment of error presents the issue of consecutive sentences for this appellate court to consider. Much of the sentencing of Alexa was mandatory. The complicity in murder conviction with its attendant firearm specification mandated a sentence of 15 years to life consecutive to a 3-year firearm specification. The trial court judge imposed also 3 years of a mandatory firearm specification for the conviction of discharging a firearm into a school or habitation, in this case a habitation. The judge also imposed a mandatory 3-year firearm specification for the attempt to shoot the group of 6 who were not shot.

{¶ 19} In short, a sentence of 24 years to life was mandatory and Alexa got an additional 3 years of incarceration. Furthermore, the trial court judge made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. We cannot find that the sentence was clearly and convincingly contrary to law.

{¶ 20} The sixth assignment of error is overruled.

{¶ 21} All six assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

————————————